UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:       -cv-

YOEL ALBELO

v.

TITAN AMERICA LLC.

_____/

## COMPLAINT

COMES NOW, Plaintiff, YOEL ALBELO (hereafter "Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against Defendant, TITAN AMERICA LLC., a Florida Corporation (hereafter "Defendant"), and in support thereof states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA") and, pursuant to the Family Medical Leave Act, as amended 29 U.S.C. §2601, et. seq. (hereafter "FMLA").

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant operates in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Foreign Limited Liability Company doing business in Miami-Dade County, Florida.

4. At all times material herein, Defendant was an employer covered by the FMLA because they were engaged in commerce or in an industry affected commerce and employed 50 or

1

more employees for each working day during each of twenty (20) or more calendar workweeks.

5. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

6. Plaintiff was an employee entitled to leave under FMLA, based on the fact that she was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to his seeking to his rights to FMLA leave.

7. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, et seq.

8. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, et seq.

9. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

10. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

11. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

12. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

13. On or about the year 2013, Plaintiff began his employment with Defendant as a mechanic.

14. On or about November of 2020, while Plaintiff was working the midnight shift, he began experiencing difficulties speaking and could not articulate his words, which lead him to become hospitalized due to his inability to speak.

15. Plaintiff was hospitalized for two days, where doctors diagnosed him with Chiari Malformation I, a congenital condition that can cause severe head and neck pains, balancing problems, dizziness, slow heart rhythm, curvature of the spine, speech problems, and breathing problems.

16. After getting cleared for release by the hospital, Plaintiff returned to work on November 19, 2020.

17. On November 19, 2020, Plaintiff informed his supervisor, Tomas Burgos, about his medical condition and provided his medical paperwork via fax in which Tomas Burgos received.

18. After receiving news of Plaintiff's medical condition and obtaining Plaintiff's medical paperwork, supervisor Tomas Burgos told Plaintiff that his case will be discussed with Human Resources, and that they will give him an answer on the next steps.

19. Later on the same day, supervisor Tomas Burgos informed Plaintiff that he received a response from Human Resources, and that Plaintiff's employment with Defendant was terminated, effective immediately.

20. Throughout his employment prior to his wrongful termination, Plaintiff performed his work admirably and successfully.

21. The unlawful employment practices complained of herein and the actions of Defendants and Defendants' agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

22. As a result of Defendant's discriminatory treatment of Plaintiff based on her disabilities or perceived disabilities, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I:

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as is set out in full herein.

24. Plaintiff is a member of a protected class under the ADA.

25. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

26. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

27. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's perceived disability was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

29. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

33. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

34. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

35. Defendant is a covered employer to which the ADA applies.

36. Defendant discharged Plaintiff from employment because of Plaintiff's perceived disability.

37. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable his to be employed by Defendant, as required under the ADA.

38. Defendant's discharge of Plaintiff on the basis of his perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable his to be employed by Defendant violated the ADA.

39. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS -<u>FAILURE TO PROVIDE FMLA INFORMATION</u>

40. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if fully stated herein.

41. During or around the year 2014, Plaintiff became eligible for FMLA leave. Plaintiff was employed with Defendants for more than 12 months and/or worked for Defendants more than 1,250 hours and was therefore eligible for FMLA.

42. In the years 2014 through 2020, under the FMLA, Plaintiff was entitled to take a total of 12 workweeks of leave in a 12-month period to treat and manage his COVID-19 vaccine side effects.

43. At all times material, Plaintiff gave proper notice to Defendants by informing them of his serious medical condition, which required him to take leave to receive the proper medical care and treatment.

44. The Corporate Defendant was a private sector employer, conducting business as a heavy building materials company. During all relevant times, the Corporate Defendant employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

45. Plaintiff worked for Corporate Defendant in a location where the Corporate Defendant employed at least 50 employees within 75 miles.

46. Eligible employees may take up to 12 workweeks of leave in a 12-month period.

47. Despite Defendants' knowledge of Plaintiff's need to seek treatment for his serious medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave and/or potential leave was or could be designated as FMLA leave, Defendants interfered with Plaintiff's rights

under the FMLA.

48. As a result, Plaintiff has been damaged.

> **WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:
>
> a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;
>
> b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;
>
> c. Award Plaintiff liquidated damages;
>
> d. Award Plaintiff prejudgment interest on his damages award;
>
> e. Award Plaintiff reasonable costs and attorney's fees;
>
> f. Award Plaintiff any further relief pursuant to the FMLA; and
>
> g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: INTERFERENCE WITH FMLA RIGHTS - TERMINATION

49. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

50. In the years 2014 through 2020, Plaintiff was eligible for FMLA leave.

51. Defendant failed to afford Plaintiff the right to take FMLA leave when it he informed them that he was diagnosed with Chiari Malformation I.

52. Despite Defendants' knowledge of Plaintiff's serious medical condition, Defendants wrongfully discharged Plaintiff, instead of affording him the opportunity to request or take FMLA leave.

53. When Defendants impeded on Plaintiff's right to take leave and then wrongfully discharge Plaintiff, they interfered with Plaintiff's rights under the FMLA.

54. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering withPlaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA – RETALIATION

55. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

56. Defendants constructively discharged Plaintiff following his notification about serious medical conditions, and need for intermittent leave to recover from the adverse side effects of the COVID-19 vaccine. These notifications constitute a request for taking FMLA leave.

57. Defendants intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff when, after Plaintiff requested to take leave for medical reasons. Defendant took away Plaintiff's work van, removed him from the work system, ridiculed and cursed at Plaintiff, and then terminated Plaintiff.

58. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

59. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees; and

f. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088


By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223